UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OVEDA M. WHEDBEE,

    Plaintiff,

v.                                          Case No. 6:17-cv-1695-Orl-37DCI

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.

## ORDER

Before the Court is U.S. Magistrate Judge Daniel C. Irick's Report, recommending remand of this action to state court. (Doc. 16 ("**R&R**").) Defendant objected to the R&R (Doc. 17 ("**Objection**")), to which Plaintiff did not respond. For the following reasons, the Objection is overruled and the R&R is adopted.

### I.    BACKGROUND

Plaintiff initiated this action in state court, alleging that Defendant breached its Group Long Term Disability Policy ("**Policy**") by denying his claim for benefits. (*See* Doc. 2.) Although not specifically alleged, Defendant apparently issued the Policy to Plaintiff as part of an employee benefit plan in relation to Plaintiff's employment with Halifax Staffing, Inc. ("**Staffing**"), through which Plaintiff worked at Halifax Hospital Medical Center ("**Halifax**"). (*See* Doc. 13, pp. 1–2; Doc. 15, pp. 1–3.) Arguing that the Employment Retirement Income Security Act ("**ERISA**") rendered Plaintiff's claim federal in nature, Defendant removed the action on the basis of federal question

jurisdiction. (Doc. 1.)

On October 20, 2017, Plaintiff filed a motion to remand, arguing that the Policy is exempt from ERISA, so the Court lacks subject matter jurisdiction over this action. (Doc. 13 ("**Remand Motion**").) Defendant submitted a timely response urging that ERISA preempts Plaintiff's claims. (Doc. 15). On referral, Magistrate Judge Irick recommends that the Court grant the Remand Motion. (Doc. 16 ("**R&R**").) He concludes that the Policy is exempt from ERISA and, therefore, that remand is required. (*Id.* at 14.) As the matter has been fully briefed (*see* Doc. 17), it is now ripe.

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

ERISA generally preempts state laws relating to employee benefit plans, but *exempts* governmental plans—that is, those plans "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing" ("**Government Plan Exemption**"). 29 U.S.C. §§ 1003(b)(1), 1002(32). ERISA does not

define the terms "political subdivision," "agency," or "instrumentality." At issue here is whether the employee benefit plan, administered by Staffing, is exempt. This turns on whether Staffing is an "agency or instrumentality" of "the government of any State or political subdivision thereto" for purposes of the Government Plan Exemption. (Doc. 16, p. 3.) In answering this question, Magistrate Judge Irick identified the two competing tests that courts apply, neither of which has been adopted by the U.S. Court of Appeals for the Eleventh Circuit. (*Id.* at 3–4.) Those tests are articulated in *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910 (2d Cir. 1987) ("***Rose* Test**") and *Alley v. Resolution Trust Corp.*, 984 F.2d 1201 (D.C. Cir. 1993) ("***Alley* Test**"). Of these two, Magistrate Judge Irick adopted and applied the *Rose* Test. (*See id.* at 9.) Defendant contends this was error. (*See* Doc. 17.)

As grounds, Defendant argues that Magistrate Judge Irick: (1) should have adopted the *Alley* Test, as it is more appropriate in the ERISA context; and (2) ignored the fact that Staffing's employees are not state employees. (*Id.* at 2–16.) These arguments have neither weight nor wings. Indeed, Defendant made the same objections, unsuccessfully, in a previous case addressing the exact same issue before the Court now. *See Gunn v. United of Omaha Life Ins. Co.*, No. 6:13-cv-1731-Orl-36TBS, 2014 WL 25036135, at *2, 3 (M.D. Fla. May 22, 2014) ("In its Objections, Omaha argues that the Magistrate Judge adopted the wrong test" and "also argues that [the *Rose* Test] is inapplicable because Staffing's employees are not state employees").

Like the instant action, *Gunn* involved the alleged breach of a long term disability policy issued by the same defendant—United of Omaha Life Insurance Company—as part of an employee benefit plan to an employee of Staffing working at Halifax, which

Defendant attempted to remove under ERISA. *See id.* at *1. On referral, U.S. Magistrate Judge Thomas B. Smith adopted the *Rose* Test, concluded that Staffing came within the purview of the Government Plan Exemption, and recommended remand. *See Gunn v. United of Omaha Life Ins. Co.*, No. 6:13-cv-1731-Orl-36TBS, 2014 WL 2505793, at *4–8 (M.D. Fla. Apr. 16, 2014). In adopting Magistrate Judge Smith's Report, U.S. District Judge Charlene E. Honeywell considered and rejected Defendant's arguments. *See Gunn*, 2014 WL 25036135, at *2–5.

With the benefit of *Gunn*, Magistrate Judge Irick found highly persuasive Judge Honeywell's reasoning and Magistrate Judge Smith's application of the *Rose* Test. (Doc. 16, pp. 4–9 (quoting extensively from Judge Honeywell's Order and Magistrate Judge Smith's Report and Recommendation).) Hence Magistrate Judge Irick found no reason to depart from *Gunn*, and concluded that, under the *Rose* Test, Staffing is an agency or instrumentality of Halifax, which is a political subdivision of the State of Florida. (*Id.* at 9.)

Given the similarities between the instant case and *Gunn*, the Court finds no error with Magistrate Judge Irick's adoption and application of the *Rose* Test. Defendant's contrary arguments are no more compelling now than they were in *Gunn*. (*Compare Gunn*, 2014 WL 2506135, at *2, 3, 4–5 *with* Doc. 17, pp. 2, 11). This is especially true here because Defendant points to no intervening authority since *Gunn* that casts doubt on its reasoning. (*See* Doc. 17, pp. 2–16; *see* also Doc. 1, ¶ 5 (making no attempt to distinguish *Gunn* but instead "respectfully [disagreeing]" with it).) Absent such authority, Defendant's re-litigation of the exact same issue, hoping for a different result based on a

new audience alone, is not persuasive. Hence the Objection is due to be overruled, the R&R is due to adopted, and the Remand Motion is due to be granted.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections to Magistrate's Report and Recommendation (Doc. 17) is **OVERRULED**.

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 16) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 13) is **GRANTED**.

4. This case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 7, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record
The Circuit Court of the Seventh Judicial Circuit
in and for Volusia County, Florida.